UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WALED GUL, on Behalf of Himself and All Others Similarly Situated, | § § § | |
| | § | Civil Action No. 4:18-cv-0219 |
| Plaintiff, | § § | JURY TRIAL DEMAND |
| v. | § § | |
| DYNEGY INC., ROBERT C. FLEXON, PAT WOOD III, HILARY E. ACKERMANN, PAUL M. BARBAS, RICHARD KUERSTEINER, JEFFREY S. STEIN, and JOHN R. SULT, | § § § § § § | |
| Defendants. | § § | |

## CLASS ACTION COMPLAINT FOR
## VIOLATION OF FEDERAL SECURITIES LAWS

Plaintiff Waled Gul ("Plaintiff"), by and through his undersigned counsel, for his complaint against Defendants, alleges upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE OF THE ACTION

1.        This is a class action brought on behalf of the public stockholders of Dynegy Inc. ("Dynegy" or the "Company") against Dynegy and its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, promulgated thereunder and to enjoin the vote on a proposed transaction, pursuant to which Dynegy will be acquired by Vistra Energy Corp. ("Vistra Energy") (the "Proposed Transaction").

2.      On October 30, 2017, Dynegy and Vistra Energy issued a joint press release announcing that they had entered into an agreement and plan of merger (the "Merger Agreement").  Under the terms of the Merger Agreement, Dynegy stockholders will receive 0.652 shares of Vistra Energy common stock for each share of Dynegy stock they own.  The Proposed Transaction is valued at approximately $1.7 billion.

3.      On December 13, 2017, Defendants filed a joint Registration Statement on Form S-4, which was subsequently amended on January 23, 2018 (the "Registration Statement"), with the SEC in connection with the Proposed Transaction.  The Registration Statement, which recommends that Dynegy stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) the Company's financial projections utilized by the Company's financial advisors, Morgan Stanley & Co. LLC ("Morgan Stanley") and PJT Partners LP ("PJT Partners"), in their financial analyses; (ii) the valuation analyses prepared by Morgan Stanley and PJT Partners in connection with the rendering of their fairness opinions; and (iii) Company insiders' potential conflicts of interest.  The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Dynegy stockholders need such information in order to cast a fully informed vote in connection with the Proposed Transaction.

4.      In short, unless remedied, Dynegy's public stockholders will be forced to make a voting decision on the Proposed Transaction without full disclosure of all material information concerning the Proposed Transaction being provided to them.  Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

5.       This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.       This Court has jurisdiction over Defendants because each Defendant is either a corporation that conducts business in and maintains operations within this District or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.       Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists.  Dynegy is headquartered in this District.  Moreover, each of the Individual Defendants, as Company officers or directors, either resides in this District or has extensive contacts within this District.

**PARTIES**

8.       Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Dynegy common stock.

9.       Dynegy is a Delaware corporation and maintains its principal executive offices at 601 Travis, Suite 1400, Houston, Texas, 77002.  Dynegy's common stock is traded on the New York Stock Exchange under the ticker symbol "DYN."

10.       Defendant Robert C. Flexon ("Flexon") has served as President and Chief Executive Officer ("CEO") of the Company since July 2011 and a director of the Company since June 2011.

11.    Defendant Pat Wood III ("Wood") serves as Chairman of the Board and has been a director of the Company since 2012.

12.    Defendant Hilary E. Ackermann ("Ackermann") has served as a director of Dynegy since 2012.

13.    Defendant Paul M. Barbas ("Barbas") has served as a director of Dynegy since 2012.

14.    Defendant Richard Lee Kuersteiner ("Kuersteiner") has served as a director of Dynegy since 2012.

15.    Defendant Jeffrey S. Stein ("Stein") has served as a director of Dynegy since 2012.

16.    Defendant John R. Sult ("Sult") has served as a director of Dynegy since 2012.

17.    Defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

18.    Vistra Energy is a Delaware corporation and maintains its principal executive offices at 6555 Sierra Drive, Irving, Texas, 75039.  Vistra Energy is a Texas-based energy company operating as the largest retailer and generator of electricity in the Texas market.  Vistra Energy's common stock is traded on the New York Stock Exchange under the ticker symbol "VST."

## CLASS ACTION ALLEGATIONS

19.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons and entities that own Dynegy common stock (the "Class").  Excluded from the Class are Defendants and their affiliates, immediate families,

legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

20.     This action is properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.  The Class is so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through discovery, Plaintiff believes that there are thousands of members in the Class.  As of October 26, 2017, there were approximately 131,378,019 shares of Dynegy common stock outstanding.  All members of the Class may be identified from records maintained by Dynegy or its transfer agent and may be notified of the pendency of this action by mail, using forms of notice similar to that customarily used in securities class actions.

21.     Questions of law and fact are common to the Class and predominate over questions affecting any individual Class member, including, *inter alia*:

(a)     Whether Defendants have violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder;

(b)     Whether the Individual Defendants have violated Section 20(a) of the Exchange Act; and

(c)     Whether Plaintiff and the other members of the Class would suffer irreparable injury were the Proposed Transaction consummated.

22.     Plaintiff will fairly and adequately protect the interests of the Class and has no interests contrary to or in conflict with those of the Class that Plaintiff seeks to represent. Plaintiff has retained competent counsel experienced in litigation of this nature.

23.      A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.   Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

24.      Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.   Therefore, final injunctive relief on behalf of the Class is appropriate.

**SUBSTANTIVE ALLEGATIONS**

**Background of the Company**

25.      Dynegy began operations in 1984 and is a holding company that conducts substantially all of its business operations through its subsidiaries.   Dynegy's primary business is the production and sale of electric energy, capacity, and ancillary services from its fleet of 50 power plants in 12 states totaling approximately 31,000 megawatts of generating capacity.

26.      The Company sells electric energy, capacity, and ancillary services primarily on a wholesale basis from its power generation facilities.   It also serves residential, municipal, commercial, and industrial customers primarily through its Homefield Energy and Dynegy Energy Services retail businesses, through which the Company provides retail electricity to approximately 963,000 residential customers and approximately 42,000 commercial, industrial, and municipal customers in Illinois, Ohio, and Pennsylvania.

27.      Dynegy's customers include integrated utilities, municipalities, electric cooperatives, transmission and distribution utilities, power marketers, financial participants such as banks and hedge funds, and residential, commercial, and industrial end-users.   Some of the Company's customers, such as municipalities or integrated utilities, purchase Dynegy's products for resale to serve their retail, commercial, and industrial customers.   Others, such as some power

marketers, may buy from the Company to serve their own wholesale or retail customers or as a hedge against power sales they have made.

28.     On August 3, 2017, Dynegy issued a press release announcing its second quarter 2017 financial results.  For the quarter, Adjusted EBITDA was $240 million, compared to $187 million in the second quarter of 2016.  For the first six months of 2017, net income was $300 million, compared to a net loss of $813 million in the first half of 2016.  Defendant Flexon commented on the quarter's financial results stating:

> Going into the second quarter, our priorities were to prepare the fleet and workforce for the important summer season, hit our financial targets and increase our liquidity in preparation for the pay down of our 2019 debt maturity later this year. By all measures we had a very successful quarter.

**The Proposed Transaction**

29.     In early March 2017, the CEOs of Dynegy and Vistra Energy had a call during which Vistra Energy's CEO expressed Vistra Energy's interest in evaluating a potential combination transaction with the Company.  Throughout March, April and May 2017, Dynegy and Vistra Energy conducted preliminary structuring, financial and operational due diligence regarding a potential combination.

30.     The parties ceased discussions in late May 2017 following an article reporting that the parties were in discussions regarding a potential transaction.  On July 14, 2017, the parties re-engaged in discussions.

31.     On July 28, 2017, Vistra Energy provided Dynegy a non-binding letter proposing a combination of Vistra Energy and Dynegy, with current Vistra Energy stockholders to own 81% and Dynegy stockholders to own 19% of the combined company.

32.     The parties continued discussions over the following weeks and on September 21, 2017, Dynegy and Vistra Energy agreed to an ownership split with Vistra Energy

stockholders to own 79% and Dynegy stockholders to own 21% of the combined company. Following additional negotiations, on October 28, 2017, senior management of the companies agreed that an exchange ratio of 0.652 shares of Vistra Energy common stock would result in the agreed 79%-21% ownership split.

33.     On October 29, 2017, representatives of each of Morgan Stanley and PJT Partners rendered their fairness opinions, and the parties subsequently executed the Merger Agreement.

34.     On October 30, 2017, Vistra Energy and Dynegy issued a joint press release announcing the Proposed Transaction.  The press release stated, in relevant part:

> **IRVING, TEXAS & HOUSTON—OCT. 30, 2017 —** Vistra Energy (NYSE: VST), the parent company for TXU Energy and Luminant, and Dynegy Inc. (NYSE: DYN) today announced that their Boards of Directors have approved, and the companies have executed, a definitive merger agreement pursuant to which Dynegy will merge with and into Vistra Energy in a tax-free, all-stock transaction, creating the leading integrated power company across the key competitive power markets in the United States. The resulting company is projected to have a combined market capitalization in excess of $10 billion and a combined enterprise value greater than $20 billion.
>
> Under the terms of the agreement, Dynegy shareholders will receive 0.652 shares of Vistra Energy common stock for each share of Dynegy common stock they own, resulting in Vistra Energy and Dynegy shareholders owning approximately 79 percent and 21 percent, respectively, of the combined company. Based on Vistra Energy's closing share price of $20.30 on October 27, 2017 and the aforementioned exchange ratio, Dynegy shareholders would receive $13.24 per Dynegy share. Through the all-stock transaction, both Vistra Energy and Dynegy shareholders are expected to benefit from an estimated $350 million in projected annual run-rate EBITDA value levers, additional annual free cash flow value levers of approximately $65 million (after tax), and approximately $500-600 million in projected net present value benefit from tax synergies.
>
> The combination of Dynegy's generation capacity and existing retail footprint with Vistra Energy's integrated ERCOT model is expected to create the lowest-cost integrated power company in the industry and to position the combined company as the leading integrated retail and generation platform throughout key competitive power markets in the U.S. Together with Dynegy, Vistra Energy will serve approximately 240,000 commercial and industrial (C&I) customers and 2.7

million residential customers in five top retail states, with estimated retail sales of 75 terawatt (TWh) hours in 2018. The combined company will also own approximately 40 GW of installed generation capacity. Of that capacity, more than 60 percent is natural gas-fueled, and 84 percent is in the ERCOT, PJM, and ISO-NE competitive power markets.

Vistra Energy President and Chief Executive Officer Curt Morgan said, "This combination represents a transformative opportunity to create the leading integrated power company in the United States. Combining Vistra Energy's leading retail and commercial operations with Dynegy's leading CCGT fleet and geographically diverse portfolio is expected to create a company with significant earnings diversification and scale. The resulting combined enterprise is projected to have the lowest-cost structure in the industry and will benefit from weather and market diversification that, when combined with Vistra Energy's balance sheet strength, will provide a platform for future growth. The result will be a leading integrated power company with significant scale in the key U.S. competitive markets. We look forward to building on Vistra Energy and Dynegy's highly attractive business mix and asset quality to deliver enhanced value to current shareholders of both companies and attract and retain new investors on a long-term, sustainable basis."

Dynegy President and Chief Executive Officer Bob Flexon stated, "Our combination with Vistra Energy accelerates Dynegy's strategic initiatives of strengthening our balance sheet while creating the preeminent integrated power company. Vistra Energy's strength in retail combined with Dynegy's infrastructure and generation capabilities will provide an unmatched, highly efficient integrated business in key competitive markets. The premium offered to Dynegy shareholders reflects the quality of our generation assets and the retail business we have built over the past five years. In addition, with the all-stock transaction, shareholders of both companies will benefit from the significant projected synergies and financial flexibility enabled by the combined company's strong balance sheet and cash flow profile. We at Dynegy are proud of what we have accomplished, and we look forward to this exciting next step in the company's evolution."

**Insiders' Interests in the Proposed Transaction**

35.    Dynegy insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders.  The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and Dynegy's public stockholders.

36.     Notably, three members of the Board have secured positions for themselves following completion of the Proposed Transaction.  According to the Registration Statement, "[i]n connection with the consummation of the Merger, the board of directors of the combined company will be expanded to consist of eleven members, including . . . three of the directors of Dynegy immediately prior to the Merger. . . ."  Registration Statement at 132.

37.     Further, Company insiders stand to reap substantial financial benefits for securing the deal with Vistra Energy.  If they are terminated in connection with the Proposed Transaction, Dynegy's named executive officers stand to receive substantial cash severance benefits in the form of golden parachute compensation, as set forth in the following table:

| Named Executive Officer | Cash ($) (1) | Equity ($) (2) | Perquisites/Benefits ($) (3) | Total ($) |
|---|---|---|---|---|
| Robert C. Flexon | 2,762,100 | 6,520,276 | 24,110 | 9,306,486 |
| Clint C. Freeland | 526,750 | 1,215,068 | 11,535 | 1,753,353 |
| Carolyn J. Burke | 478,625 | 1,103,231 | 5,509 | 1,587,365 |
| Catherine C. James | 474,250 | 1,099,310 | 5,375 | 1,578,935 |
| Henry D. Jones | 490,000 | 1,190,810 | 11,461 | 1,692,271 |

**The Registration Statement Contains Material Misstatements and Omissions**

38.     Defendants filed a materially incomplete and misleading Registration Statement with the SEC and disseminated it to Dynegy's stockholders.  The Registration Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote in favor of the Proposed Transaction.

39.     Specifically, as set forth below, the Registration Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) the Company's and Vistra Energy's financial projections, relied upon by Dynegy's financial advisors, Morgan Stanley and PJT Partners, in their financial analyses; (ii) the valuation analyses prepared by Morgan Stanley and PJT Partners in connection with the rendering of their fairness opinions; and (iii) Company insiders' potential conflicts of interest.

10

Accordingly, Dynegy stockholders are being asked to make a voting decision in connection with the Proposed Transaction without all material information at their disposal.

**Material Omissions Concerning Dynegy's Financial Projections**

40.    First, the Registration Statement omits material information regarding the Company's financial projections provided by Dynegy's management and relied upon by Morgan Stanley and PJT Partners for their analyses.

41.    For example, with respect to Dynegy management's financial projections for Dynegy and Vistra Energy, the Registration Statement fails to disclose the unlevered free cash flows utilized by Morgan Stanley and PJT Partners in connection with their discounted cash flow analyses of each of Dynegy and Vistra Energy.

42.    Moreover, in connection with the fairness opinion provided by PJT Partners, the Registration Statement discloses, "[i]n arriving at its opinion, PJT Partners, among other things . . . reviewed the net operating loss utilization projections of Dynegy that were prepared, approved and furnished to PJT Partners by the management of Dynegy (the "Dynegy NOL Projections")." Registration Statement at 108. The Registration Statement, however, fails to disclose the Dynegy NOL Projections.

43.    The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: "Certain Unaudited Financial Forecasts Prepared by the Management of Dynegy" and "Opinions of Dynegy's Financial Advisors."

**Material Omissions Concerning Morgan Stanley's and PJT Partners' Financial Analyses**

44.    The Registration Statement describes Morgan Stanley's and PJT Partners' fairness opinions and the various valuation analyses they performed in support of their opinions. However, the description of Morgan Stanley's and PJT Partners' fairness opinions and analyses

fails to include key inputs and assumptions underlying these analyses.  Without this information, as described below, Dynegy's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Morgan Stanley's and PJT Partners' fairness opinions in determining whether to vote in favor of the Proposed Transaction. This omitted information, if disclosed, would significantly alter the total mix of information available to Dynegy's stockholders.

45.     With respect to Morgan Stanley's *Discounted Cash Flow Analysis* of Dynegy, the Registration Statement fails to disclose: (i) the unlevered free cash flows for Dynegy for the calendar years 2018 through 2021 (ii) the terminal year EBITDA of Dynegy; (iii) the inputs and assumptions underlying the discount rate range of 4.7% to 5.5%; (iv) the NOLs that Dynegy's management forecasted would be utilized for the calendar years 2018 through the expiration or utilization of the NOLs, whichever event occurred first; and (v) the perpetuity growth rates implied by the analysis.

46.     With respect to Morgan Stanley's *Discounted Cash Flow Analysis* of Vistra Energy, the Registration Statement fails to disclose: (i) the unlevered free cash flows of Vistra Energy for the calendar years 2018 through 2021 (ii) the terminal year EBITDA of Vistra Energy; (iii) the net tax benefits accrued to Vistra Energy for the calendar years 2018 through the full utilization of the benefit per the Tax Receivable Agreement between TEX Energy LLC and American Stock Transfer & Trust Company, LLC; (iv) the inputs and assumptions underlying the discount rate range of 4.6% to 6.0%; and (v) the perpetuity growth rates implied from the analysis.

47.     With respect to Morgan Stanley's *Comparable Companies Analysis*, the Registration Statement fails to disclose the individual multiples and financial metrics for Calpine Corporation and NRG Energy, Inc.

48.     With respect to PJT Partners' *Discounted Cash Flow Analysis—Dynegy*, the Registration Statement fails to disclose: (i) the projected after-tax unlevered free cash flows for fiscal years 2018E through 2021E and the underlying line items; (ii) the terminal value of EBITDA for Dynegy; (iii) the inputs and assumptions underlying the discount rate range of 5.95% to 6.95%; and (iv) the perpetuity growth rates implied from the analysis.

49.     With respect to PJT Partners' *Discounted Cash Flow Analysis—Vistra Energy*, the Registration Statement fails to disclose: (i) the projected unlevered free cash flows for fiscal years 2018E to 2021E and the underlying line items; (ii) the terminal value of EBITDA for Vistra Energy; (iii) the inputs and assumptions underlying the discount rate range of 5.30% to 6.30%; and (iv) the perpetuity growth rates implied from the analysis.

50.     With respect to PJT Partners' *Selected Comparable Company Analysis—Dynegy*, the Registration Statement fails to disclose the separate ranges of implied prices per Dynegy share that resulted from the analysis with respect to each of the Dynegy Market Case Projections and the Dynegy Market + Earnings & Cost Improvement Case Projections.

51.     With respect to PJT Partners' *Selected Precedent Transaction Analysis*, the Registration Statement fails to disclose: (i) the individual multiples and financial metrics for each of the transactions observed by PJT Partners; and (ii) the separate ranges of implied prices per Dynegy share that resulted from performing the analysis with respect to each of the Dynegy Market Case Projections and the Dynegy Market + Earnings & Cost Improvement Case Projections.

52.     The omission of this information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: "Opinions of Dynegy's Financial Advisors" and "Certain Unaudited Prospective Financial Information Prepared by Dynegy."

***Material Omissions Concerning Company Insiders' Potential Conflicts of Interest***

53.     Further, the Registration Statement fails to disclose material information concerning the potential conflicts of interest faced by Dynegy insiders.

54.     The Registration Statement sets forth:

> Prior to or following the closing of the Merger, however, some or all of the Dynegy executive officers may discuss or enter into agreements with Vistra Energy or any of its affiliates regarding employment with, or the right to purchase or participate in the equity of, Vistra Energy or one or more of its affiliates.

Registration Statement at 130.  The Registration Statement further discloses that "[i]n connection with the consummation of the Merger, the board of directors of the combined company will be expanded to consist of eleven members, including: (i) eight of the directors of Vistra Energy and (ii) three of the directors of Dynegy immediately prior to the Merger. . . ."  *Id*. at 132.  The Registration Statement, however, fails to disclose the details of any employment related discussions and negotiations that occurred between Vistra Energy and Dynegy directors and executive officers, including who participated in all such communications, when they occurred, and their content, as well as whether any of Vistra Energy's prior proposals or indications of interest mentioned management retention.

55.     Communications regarding post-transaction employment and merger-related benefits during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations

that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

56.     The omission of this information renders the statements in the "Background of the Merger" and "Directors and Management of the Combined Company After the Merger" sections of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

57.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Registration Statement.  Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other members of the Class will be unable to make a fully informed voting decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## COUNT I

**Claim for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Dynegy**

58.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

59.     During the relevant period, Defendants disseminated the false and misleading Registration Statement specified above, which failed to disclose material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

60.     By virtue of their positions within the Company, Defendants were aware of this information and of their duty to disclose this information in the Registration Statement.  The

Registration Statement was prepared, reviewed, and/or disseminated by Defendants.    It misrepresented and/or omitted material facts, including material information about the sales process for the Company, the financial analyses performed by the Company's financial advisors, and the actual intrinsic standalone value of the Company.  Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

61.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.

62.     By reason of the foregoing, Defendants violated Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

63.     Because of the false and misleading statements in the Registration Statement, Plaintiff and the Class are threatened with irreparable harm, rendering money damages inadequate.   Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claim for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

64.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

65.     The Individual Defendants acted as controlling persons of Dynegy within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Dynegy and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or

indirectly, the decision-making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

66.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

67.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Registration Statement at issue contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

68.     In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Registration Statement purports to describe the various issues and information that they reviewed and considered — descriptions the Company directors had input into.

69.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

70.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated  thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, Defendants are liable pursuant to

Section 20(a) of the Exchange Act.  As a direct and proximate result of Defendants' conduct, Dynegy's stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Dynegy and against Defendants, as follows:

A.     Ordering that this action may be maintained as a class action and certifying Plaintiff as the Class representative and Plaintiff's counsel as Class counsel;

B.     Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction unless and until Defendants disclose and disseminate the material information identified above to Dynegy stockholders;

C.     In the event that Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff and the Class;

D.     Declaring that Defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

E.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

DATED:  January 24, 2018.

Respectfully submitted,

_____*/s/ Thomas E. Bilek*_____

18

Thomas E. Bilek
TX Bar No. 02313525 / SDTX Bar No. 9338
**THE BILEK LAW FIRM, L.L.P.**
700 Louisiana, Suite 3950
Houston, TX  77002
(713) 227-7720

*Attorneys for Plaintiff*

**OF COUNSEL:**

Richard A. Acocelli
Michael A. Rogovin
Kelly C. Keenan
**WEISSLAW LLP**
1500 Broadway, 16th Floor
New York, NY  10036
Tel: (212) 682-3025
Fax: (212) 682-3010